# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

### NEW YORK ∘ CALIFORNIA ∘ LOUISIANA ∘ ILLINOIS

January 14, 2017

Re: *In re Salix Pharmaceuticals, Ltd.*, No. 14-cv-8925 (KMW)

Dear Judge Wood:

We write in response to Defendant Salix's letter of January 14, 2017. (ECF No. 201). We respectfully submit that the Court should reject Defendant's unmerited requests to strike Lead Plaintiff's brief or, alternatively, further delay decision on this motion. As explained below, Lead Plaintiff's brief was properly submitted in accordance with the Court's instructions in its January 4, 2017 Order, and addressed additional facts severely undermining Defendants' arguments that emerged after the submission of the parties' prior letters. Further, Defendants had every opportunity to submit their own briefing on these facts, but chose not to. Because fact discovery is scheduled to close on January 27, 2017 – and Lead Plaintiff's motion seeks information that is highly relevant to key depositions that are scheduled to be conducted between January 18 and 26, 2017, including the individual Defendants' depositions – the Court should not allow additional briefing and further protract the timeline for resolving these issues.

On Wednesday, January 4, 2017, the Court issued an order concerning the parties' existing letters on the instant discovery dispute. (ECF No. 184, the "Order") In the Order, the Court invited the parties to treat their current submissions as their "motions and responses," but also directed that "[i]f parties wish to further <u>brief</u> this issue, they should do so by January 13, 2017."

Seeking a Court decision as soon as possible, that same evening, counsel for Lead Plaintiff e-mailed counsel for Defendant Salix, explaining that it was "willing to have the Court treat the current submissions as full briefing" if Defendants were also willing to do so. Ex. A. Counsel for Salix responded that "we will confer with our client and be back to you on this next week." *Id.* Anticipating that Defendant Salix would elect to supply further briefing, Lead Plaintiff began drafting a Motion to Compel and associated briefing and exhibits pursuant to the Court's Order.

A week later, on Wednesday evening, January 11, 2017—<u>two days</u> before any additional briefing would be due — counsel for Salix stated that "[w]e will be making a short submission on Friday pursuant to the Court's Order." *Id.* Lead Plaintiff's counsel immediately responded that we would be filing papers as well. Lead Plaintiff's counsel then informed the Court of the parties' intent to file further briefing and requested permission to file its own "<u>briefing in support</u> of our Motion to Compel" under seal. ECF No. 195. The Court granted permission the next day. ECF No. 196.

On January 12, 2017, Lead Plaintiff deposed Mr. William Keane, Chairman of Salix's Board and Audit Committee. The deposition generated numerous statements directly contradicting counsel for Salix's prior representations to the Court, and which were highly relevant to the instant discovery dispute as set forth in our brief. Indeed, developments during the deposition so impacted issues before the Court that counsel for Lead Plaintiff repeatedly told opposing counsel during the deposition that Lead Plaintiff would be filing a brief the next day

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

referencing the contents of the deposition. *See e.g.*, Keane Tr. at 60 (Counsel for Lead Plaintiff: "I am asking him what counsel told him and you're saying he can't answer that, I just want to make this clear, <u>because we're filing a brief with the court tomorrow</u>, that's your position, correct?") Consistent with these statements to defense counsel, on January 13, 2017, Lead Plaintiff filed its brief in support of its Motion to Compel. The brief explains important new factual developments in the case that are relevant to the privilege issues at hand.

Given the above facts, there is no reason to strike Lead Plaintiff's brief. The Court permitted <u>all</u> parties a full opportunity to brief the issue. Counsel for Lead Plaintiff repeatedly informed counsel for Defendants that they would be filing a brief. Defendants had every opportunity to file whatever papers they felt were appropriate. Defendant's failure to provide thorough briefing by the Court-ordered deadline is no reason to strike Lead Plaintiff's briefing.

Furthermore, there is no reason to extend the briefing schedule. Prolonging decision on this motion would be unnecessary and prejudicial. Significantly, discovery is scheduled to close in less than two weeks, and the subject matter of the pending dispute relates to key depositions already scheduled to take place between January 18 to 26, 2017, including depositions of the individual Defendants—Salix's former CEO and CFO. Any additional briefing on the motion – after all parties have had ample opportunity to submit papers – would further prejudice Lead Plaintiff's ability to conduct its depositions with all the information to which it is entitled, and potentially cause more delay if already completed depositions need to be reopened with additional discovery ordered by the Court.

Respectfully submitted,

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano

**FILED VIA ECF & HAND DELIVERY**

The Honorable Kimba M. Wood, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

cc:    Clerk, U.S. District Court (by CM/ECF and Hand Delivery)
       Counsel of Record in the Captioned Actions (by CM/ECF and E-mail)